UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
    )
    v.    )    Crim. No. 04-10299-PBS
    )
ROGELIO GARCIA    )

**MOTION TO REDUCE SENTENCE**

Now Comes defendant Rogelio Garcia, who respectfully moves this Court to reduce his sentence in accordance with the factors outlined in Title 18 U.S.C. §3553(a).  In support of this Motion defendant states the following:

1.  Pursuant to the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 13 (2005), this Court now has the authority to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the statute at 18 U.S.C.§3553(a)(2) i.e., to (a) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) afford adequate deterrence to criminal conduct; (c) protect the public from further crimes of the defendant; and (d) provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

2.  It is unlikely that Mr. Garcia will reoffend given the following factors including, but not limited to: (a) his background and upbringing as illustrated in the PSR; (b) the degree of support demonstrated by his girl friend, who will soon be giving birth to their child, her family and his employers (see

attached letters); (c) his lack of criminal history despite leaving school at second grade,[1] being abandoned by his parents at 8 years old and having limited economic means all this life(see PSR, ¶ 96-97); (d) being fully employed since he was a boy (see PSR ¶ 111); (e) ceasing his involvement with this conspiracy far in advance of his arrest; and (f) other factors that will be discussed at sentencing.  All these factors weigh in favor of this Court reducing his sentence pursuant to Section 3553(a).

3.  Mr. Garcia's family[2] was shocked when he was arrested and they discovered that he had been involved in the cocaine business.  This conduct was clearly uncharacteristic for Mr. Garcia given his work ethic and his personal goals.  His moral compass apparently strayed after watching others get the "easy money" while he had been working in difficult jobs since he was eight years old.

4.  While his family could have shut their doors to him, they, instead, put up their homes for his bail knowing that he would probably go to jail and that he had committed these offenses.  Their support has been unwavering and will undoubtably continue throughout his incarceration.

---

[1]It should be noted that Mr. Garcia got his GED on his own. He is clearly someone who works hard and wants to improve his life.

[2]I refer to his girlfriend's family as his since his biological family is not involved in his life.

2

4.    While Mr. Garcia knows that he needs to be punished for his criminal conduct and that he will be incarcerated, he moves this Court to reduce his sentence to reflect the likelihood that he will not reoffend or be a danger to the community when he is released.  He asks that the Court consider this request to reduce his sentence after it has ruled on any other departure motions filed in Mr. Garcia's case.

Respectfully submitted,
ROGELIO GARCIA
By his Attorney


 /S/ JAMES BUDREAU
JAMES H. BUDREAU, ESQ.
20 Park Plaza, Suite 905
Boston, MA 02112
(617) 227-3700

I hereby certify that I served a copy of Defendants' Motion was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 28th day of July 2006.

/s/ James Budreau
JAMES BUDREAU BBO# 553391
20 Park Plaza, Suite 905
Boston, MA 02116